**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION**

| | | |
|---|---|---|
| Z-Man Fishing Products, Inc., | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| Jeffrey C. Queen and | ) | |
| Queen Tackle LLC, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Z-Man Fishing Products, Inc., for its Complaint against the Defendants, alleges:

**GENERAL ALLEGATIONS**

1. Plaintiff is a South Carolina corporation, doing business in Charleston County, South Carolina.

2. Defendant Jeffrey C. Queen is an individual residing at 2372 Buffalo Shoals Road, Catawba, North Carolina.

3. Defendant Queen Tackle LLC is a limited liability company organized and existing under the laws of the State of North Carolina with a principal place of business located at 2372 Buffalo Shoals Road, Catawba, North Carolina. Upon information and belief, Defendant Jeffrey C. Queen is a principal of Defendant Queen Tackle LLC.

4. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), 1338(a), and 1367 and 15 U.S.C. § 1121.

5. Venue is proper pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

6.  This Court has *in personam* jurisdiction over Defendants in this judicial district arising out of the facts alleged in Paragraphs 2 and 3 above. Products manufactured, offered for sale, and sold by Defendants, as further identified hereinbelow, have been and are being offered for sale and sold within in the State of North Carolina and in this judicial district.

7.  Plaintiff is the owner of all right, title, and interest in U. S. Patent No. 7,627,978 ("the '978 Patent"), entitled, "Snag-Resistant Fishing Lure." A copy of the '978 patent is attached to this Complaint as Exhibit A.

8.  Plaintiff is the owner of all right, title, and interest in U. S. Patent No. 7,726,062 ("the '062 Patent"), entitled, "Snag-Resistant Fishing Lure." A copy of the '062 patent is attached to this Complaint as Exhibit B.

9.  Plaintiff is the owner of all right, title, and interest in U. S. Patent No. 9,253,967 ("the '967 Patent"), entitled, "Snag-Resistant Fishing Lure and Methods of Making and Using." A copy of the '967 patent is attached to this Complaint as Exhibit C.

10. The '978 Patent, the '062 Patent, and the '967 Patent are all in full force and effect, and all three of these patents will remain in full force and effect for the next five years.

11. Plaintiff practices the inventions claimed in the '978 Patent, the '062 Patent, and the '967 Patent with its CHATTERBAIT® fishing lure.

12. Plaintiff's CHATTERBAIT® fishing lure design has a unique and distinctive overall appearance that consumers immediately recognize and associate with authentic, high quality lures from the Plaintiff. The distinctive look of Plaintiff's CHATTERBAIT® fishing lure design is characterized by a non-functional element, specifically the

hexagonal blade. This distinctive look is associated with Plaintiff and with the high quality, durability, and effectiveness that customers know and expect from Plaintiff. The distinctive trade dress of Plaintiff's CHATTERBAIT® fishing lure design is the exclusive property of Plaintiff.

13. Plaintiff is the owner of the registration for the aforedescribed trade dress, Registration No. 3505384 at the United States Patent and Trademark Office, for fishing lures, depicted as follows:



The mark is a configuration consisting of the five unattached sides of a hexagonal blade portion of a fishing lure, wherein the sixth unclaimed side of the hexagonal blade is closest to the connection point between the blade and a jig portion of the fishing lure. The attached hardware and the sixth side of the hexagonal blade, all shown in broken lines, are not claimed as part of the mark. A copy of the Certificate for Registration No. 3505384 is attached to this Complaint as Exhibit D.

14. Plaintiff marks its CHATTERBAIT® fishing lure packaging with notice to the public of the '978 Patent, the '062 Patent, and the '967 Patent, and of its registered trade dress.

15. Plaintiff has taken every step the law provides to protect the innovation and creativity of its CHATTERBAIT® fishing lure, including securing the '978 Patent, the '062 Patent, and the '967 Patent, and registering its trade dress, and has spent huge sums of money doing so.

16. Plaintiff's CHATTERBAIT® fishing lure design has been extensively promoted by the Plaintiff in the United States and has achieved significant sales success.

17. Defendant Jeffrey C. Queen has been, within the preceding six years, and may still be, making, using, selling, offering for sale, and/or importing a particular fishing lure blade (the "Queen Knock-Off Blade"). An example of a Queen Knock-Off Blade is illustrated in the photographs below, which Defendant Jeffrey C. Queen marketed as "Switch Blade."

 

As used in this Complaint, the term "Queen Knock-Off Blade" refers to any and all embodiments of this particular fishing lure blade, configured, or substantially configured, as the "Switch Blade" illustrated in the two photographs hereinabove.

18. Defendant Jeffrey C. Queen's Queen Knock-Off Blade infringes Plaintiff's trade dress, as registered at Registration No. 3505384 at the United States Patent and Trademark Office.

19. The Queen Knock-Off Blade is a component of Plaintiff's CHATTERBAIT® fishing lure, constituting a material part of the invention patented in the '978 Patent, the '062 Patent, and the '967 Patent.

20. The Queen Knock-Off Blade is especially made or especially adapted for use in infringing Plaintiff's '978 Patent, '062 Patent, and '967 Patent, as illustrated as one example on Defendant Jeffrey C. Queen's Facebook® page, a screen grab of which is replicated below.



21. As, for example, illustrated in the screen grab depicted within Paragraph 20, Defendant Jeffrey C. Queen knows that the Queen Knock-Off Blade is especially made or especially adapted for use in an infringement of Plaintiff's '978 Patent, '062 Patent, and '967 Patent, and Defendant Jeffrey C. Queen further knows that Plaintiff's '978 Patent, '062 Patent, and '967 Patent proscribe such use.

22. The Queen Knock-Off Blade is not a staple article or commodity of commerce suitable for substantial noninfringing use relative to the '978 Patent, the '062 Patent, or the '967 Patent.

23. The conduct of Defendant Jeffrey C. Queen, in making, using, selling, offering for sale, and/or importing the aforedescribed "Switch Blade," was with knowledge by Defendant Jeffrey C. Queen of Plaintiff's '978 Patent, '062 Patent, and '967 Patent, and trade dress.

24. Defendant Jeffrey C. Queen has also intentionally induced others to infringe Plaintiff's '978 Patent, '062 Patent, and '967 Patent, offering for sale and selling the Queen Knock-Off Blade with advertising and instructions about using the Queen Knock-Off Blade to directly infringe Plaintiff's '978 Patent, '062 Patent, and '967 Patent.

25. As a direct result of the conduct of Defendant Jeffrey C. Queen as described in Paragraphs 17 – 24 above, others have directly infringed Plaintiff's '978 Patent, '062 Patent, and '967 Patent.

26. By letter dated August 14, 2019, Plaintiff requested that Defendant Jeffrey C. Queen discontinue commercializing his "Switch Blade." In that letter, Plaintiff identified to Defendant Jeffrey C. Queen its '978 Patent, '062 Patent, and '967 Patent, and its Registration No. 3505384 trade dress. As has been Plaintiff's approach in the past with

others violating Plaintiff's intellectual property rights, Plaintiff first tried to avoid litigation and amicably resolve this dispute with Defendant Jeffrey C. Queen. Trying to avoid litigation and using it only as a tool of last resort, Plaintiff previously attempted to persuade Defendant Jeffrey C. Queen to respect Plaintiff's intellectual property law rights.

27. In response to Plaintiff's August 14, 2019 letter, Defendant Jeffrey C. Queen, through an attorney, chose to escalate this matter, challenged Plaintiff's intellectual property rights, and has not discontinued commercializing his "Switch Blade."

28. Indeed, it appears that Defendant Jeffrey C. Queen, in response to Plaintiff's August 14, 2019 letter and in what may be seen as an attempt to try to avoid personal liability for his own actions, formed Defendant Queen Tackle LLC on August 23, 2019.

29. Defendant Queen Tackle LLC has continued commercializing the aforedescribed Queen Knock-Off Blade:

   a. Defendant Queen Tackle LLC has been making, using, selling, offering for sale, and/or importing a fishing lure blade illustrated in the photographs depicted above in Paragraph 17;

   b. The Queen Knock-Off Blade commercialized by Defendant Queen Tackle LLC is a component of Plaintiff's CHATTERBAIT® fishing lure, constituting a material part of the invention patented in the '978 Patent, the '062 Patent, and the '967 Patent;

   c. The Queen Knock-Off Blade commercialized by Defendant Queen Tackle LLC is especially made or especially adapted for use in an infringement of

Plaintiff's '978 Patent, '062 Patent, and '967 Patent, as illustrated in the screen grab replicated above in Paragraph 20; and

d. The Queen Knock-Off Blade commercialized by Defendant Queen Tackle LLC is not a staple article or commodity of commerce suitable for substantial noninfringing use relative to the '978 Patent, the '062 Patent, or the '967 Patent.

30. The Queen Knock-Off Blade of Defendant Queen Tackle LLC also infringes Plaintiff's trade dress, as registered at Registration No. 3505384 at the United States Patent and Trademark Office.

31. The conduct of Defendant Queen Tackle LLC, in making, using, selling, offering for sale, and/or importing the aforedescribed "Switch Blade," was with prior knowledge by Defendant Queen Tackle LLC of Plaintiff's '978 Patent, '062 Patent, and '967 Patent through its principal, Defendant Jeffrey C. Queen.

32. Defendant Queen Tackle LLC has also intentionally induced others to infringe Plaintiff's '978 Patent, '062 Patent, and '967 Patent, offering for sale and selling the Queen Knock-Off Blade with advertising and instructions about using the Queen Knock-Off Blade to infringe Plaintiff's '978 Patent, '062 Patent, and '967 Patent.

33. As a direct result of the conduct of Defendant Queen Tackle LLC as described in Paragraphs 29 – 32 above, others have directly infringed Plaintiff's '978 Patent, '062 Patent, and '967 Patent.

## FIRST CAUSE OF ACTION
### Patent Infringement
### U. S. Patent No. 7,627,978

34. The preceding allegations are incorporated by reference herein as fully as if repeated verbatim.

35. Defendants have been, and still are, contributorily infringing the '978 Patent by making, using, selling, offering for sale, and/or importing the "Switch Blade," and inducing others to directly infringe the '978 Patent, all to Plaintiff's great loss and injury.

36. Defendants will continue to infringe the '978 Patent unless enjoined by this Court, thereby further injuring and irreparably damaging Plaintiff.

37. On information and belief, Defendants' infringement has been, and continues to be, intentional, willful, and deliberate, and with conscious disregard for Plaintiff's rights.

38. As a direct and proximate result of Defendants' infringement, Plaintiff has been, and will be, greatly and irreparably damaged and has been, and will be, deprived and prevented from receiving all the gains and profits to which Plaintiff is lawfully entitled and which it would have derived and received, and would now be deriving and receiving, but for the aforesaid infringement by Defendants.

39. Plaintiff is entitled to judgment against the Defendants for their patent infringement.

## SECOND CAUSE OF ACTION
### Patent Infringement
### U. S. Patent No. 7,726,062

40. The preceding allegations are incorporated by reference herein as fully as if repeated verbatim.

41. Defendants have been, and still are, contributorily infringing the '062 Patent by making, using, selling, offering for sale, and/or importing the "Switch Blade," and inducing others to directly infringe the '062 Patent, all to Plaintiff's great loss and injury.

42. Defendants will continue to infringe the '062 Patent unless enjoined by this Court, thereby further injuring and irreparably damaging Plaintiff.

43. On information and belief, Defendants' infringement has been, and continues to be, intentional, willful, and deliberate, and with conscious disregard for Plaintiff's rights.

44. As a direct and proximate result of Defendants' infringement, Plaintiff has been, and will be, greatly and irreparably damaged and has been, and will be, deprived and prevented from receiving all the gains and profits to which Plaintiff is lawfully entitled and which it would have derived and received, and would now be deriving and receiving, but for the aforesaid infringement by Defendants.

45. Plaintiff is entitled to judgment against the Defendants for their patent infringement.

### THIRD CAUSE OF ACTION
**Patent Infringement**
**U. S. Patent No. 9,253,967**

46. The preceding allegations are incorporated by reference herein as fully as if repeated verbatim.

47. Defendants have been, and still are, contributorily infringing the '967 Patent by making, using, selling, offering for sale, and/or importing the "Switch Blade," and inducing others to directly infringe the '967 Patent, all to Plaintiff's great loss and injury.

48. Defendants will continue to infringe the '967 Patent unless enjoined by this Court, thereby further injuring and irreparably damaging Plaintiff.

49. On information and belief, Defendants' infringement has been, and continues to be, intentional, willful, and deliberate, and with conscious disregard for Plaintiff's rights.

50. As a direct and proximate result of Defendants' infringement, Plaintiff has been, and will be, greatly and irreparably damaged and has been, and will be, deprived and prevented from receiving all the gains and profits to which Plaintiff is lawfully entitled and which it would have derived and received, and would now be deriving and receiving, but for the aforesaid infringement by Defendants.

51. Plaintiff is entitled to judgment against the Defendants for their patent infringement.

## FOURTH CAUSE OF ACTION
### Trade Dress Infringement

52. The preceding allegations are incorporated by reference herein as fully as if repeated verbatim.

53. Plaintiff's trade dress is non-functional and has acquired secondary meaning among the relevant purchasing public.

54. Defendants distribute, offer for sale, and sell in United States commerce their Queen Knock-Off Blade confusingly similar to Plaintiff's trade dress.

55. As a result of Defendants' conduct, consumers are confused, and will likely continue to be confused, mistaken, or deceived as to the affiliation, connection, and/or association of Defendants and their lures with Plaintiff, as to the origin, sponsorship, or

approval of Defendants' product, and/or as to the nature, characteristics, or qualities of Defendants' product.

56. Defendants' conduct, including as described above, constitutes trade dress infringement and a deliberate and willful violation of 15 U.S.C. § 1125.

57. On information and belief, Defendants' unlawful conduct, including as described above, was deliberate, knowing, and in willful disregard of Plaintiff's property rights.

58. Because of Defendants' conduct, Plaintiff has suffered and, unless Defendants' conduct is preliminarily and permanently enjoined, will continue to suffer, actual damages and irreparable harm, as to which it has no adequate remedy at law.

59. Plaintiff is entitled to judgment against Defendants for the damages proximately caused by their trade dress infringement.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That the Court enter judgment in favor of Plaintiff finding that U. S. Patent No. 7,627,978 has been infringed by Defendants;

b. That Defendants be required to account for all of their gains, profits, and advantages realized from its infringement and unlawful use and practice of the '978 patent;

c. That the Court enter judgment in favor of Plaintiff finding that United States Patent No. 7,726,062 has been infringed by Defendants;

d. That Defendants be required to account for all of their gains, profits, and advantages realized from its infringement and unlawful use and practice of the '062 patent;

e. That the Court enter judgment in favor of Plaintiff finding that U. S. Patent No. 9,253,967 has been infringed by Defendants;

f. That Defendants be required to account for all of their gains, profits, and advantages realized from its infringement and unlawful use and practice of the '967 patent;

g. That the Plaintiff be awarded actual damages against Defendants for their acts of patent infringement;

h. That Plaintiff be awarded an amount adequate to compensate it for Defendants' infringement;

i. That Plaintiff be awarded treble damages on account of the willful, intentional, and deliberate character of Defendants' patent infringing acts, pursuant to 35 U.S.C. § 284;

j. That Defendants, and each of their members, owners, officers, agents, servants and employees, be preliminarily and permanently enjoined from further acts of infringement of the '978 patent;

k. That Defendants, and each of their members, owners, officers, agents, servants and employees, be preliminarily and permanently enjoined from further acts of infringement of the '062 patent;

13

l. That Defendants, and each of their members, owners, officers, agents, servants and employees, be preliminarily and permanently enjoined from further acts of infringement of the '967 patent;

m. That Defendants be ordered to pay treble damages and attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285 and/or 15 U.S.C. § 1117(a)(3);

n. That Defendants, and each of their members, owners, officers, agents, servants and employees, be preliminarily and permanently enjoined from further trade dress infringement of Plaintiff's trade dress pursuant to 15 U.S.C. § 1116;

o. That Defendants be ordered to pay their profits pursuant to 15 U.S.C. § 1117(a)(1);

p. That Defendants be ordered to pay any damages sustained by Plaintiff pursuant to 15 U.S.C. § 1117(a)(2);

q. That Plaintiff be awarded pre-judgment interest on any damages awarded to Plaintiff;

r. That Defendants be ordered to pay all costs associated with this action; and

s. That Plaintiff be granted such other and additional relief as the Court deems just and proper.

/
/
/
/
/
/

Respectfully submitted,

PARKER POE ADAMS & BERNSTEIN LLP

November 7, 2019

*/s/Tasneem A. Dharamsi*
Tasneem A. Dharamsi - NC State Bar No. 47697
Three Wells Fargo Center
401 South Tryon Street, Suite 3000
Charlotte, North Carolina 28202
(704) 335-9092
E-Mail: tasneemdharamsi@parkerpoe.com

Timothy D. St. Clair (*pro hac vice* motion to be filed)
110 East Court Street, Suite 200
Greenville, South Carolina 29601
(864) 577-6371
E-Mail: timstclair@parkerpoe.com

ATTORNEYS FOR PLAINTIFF