IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO.: 5:19-CV-147-KDB-DCK

| | |
|---|---|
| Z-MAN FISHING PRODUCTS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JEFFREY C. QUEEN and ) <br> QUEEN TACKLE LLC, ) <br> ) <br> Defendants. ) <br> _____ ) | **CONSENT PROTECTIVE ORDER** |

WHEREAS, Z-Man Finishing Products, Inc. has asserted U.S. Patent Nos. 7,627,978; 7,726,062; and 9,253,967 against Defendants Jeffrey C. Queen and Queen Tackle LLC, and Defendants have pled defenses and counterclaims against the assertions;

WHEREAS, all parties (together the "Parties," or individually, a "Party"), including the Parties to the above-captioned litigation (the "Litigation") and any third parties who sign onto this Order, recognize that the conduct of this Litigation, the preparation for trial, and trial may require the disclosure of information, through discovery or otherwise, that is highly confidential, proprietary, and/or commercially sensitive and that if disclosed to the public or to certain representatives of an opposing Party, may cause irreparable harm, undue burden or expense, competitive disadvantage, or that is otherwise inappropriate for public disclosure or for disclosure to another Party; and

WHEREAS, certain information that may have to be disclosed during the conduct of this Litigation may be governed by laws and regulations of this and other countries and/or one or more

pre-existing contractual agreements, including Non-Disclosure Agreements between one or more of the Parties, on the one hand, and a third party, on the other hand; and

WHEREAS, the Parties desire to be protected against potential inconvenience, competitive disadvantage, financial loss, irreparable harm, hardship, undue burden, and/or substantial prejudice that may result from the disclosure to the public or, with regard to certain types of information, to certain representatives of an opposing Party; and

WHEREAS, the Parties agree that good cause supports and the ends of justice will be served by the entry of an order, pursuant to Federal Rules of Civil Procedure 26(c), which sets forth procedures and rules governing the disclosure of such sensitive information and materials, including through discovery and otherwise;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties through their undersigned counsel; and

IT IS HEREBY ORDERED, pursuant to Federal Rule of Civil Procedure 26(c), that the following Protective Order shall govern the use and handling of information, documents, and things, including but not limited to briefs, affidavits, declarations, and any other court filings, deposition testimony and transcripts, deposition notices and exhibits, interrogatories and interrogatory responses, requests for admissions and admissions, documents and things, and any other information or material provided, disclosed, produced, given, or exchanged by, between, and among the Parties and certain non-parties to the Litigation in connection with proceedings in the Litigation (such information or material hereinafter referred to as "Covered Material"):

1. Any Party to the Litigation, or non-party who agrees to be bound by this Protective Order, that discloses, produces, gives, or exchanges any documents, information, or material in connection with proceedings in the Litigation (collectively, the "Disclosing Party") may designate

any Covered Material as "Confidential" under the terms of this Protective Order if such Party in good faith reasonably believes that such Covered Material contains confidential, proprietary, and/or commercially or personally sensitive information that is not generally known and that the Disclosing Party would normally not reveal to a third party or if disclosed would require such third party to maintain the information in confidence, and that requires the protections provided in this Protective Order ("Confidential Information").

2. Any Disclosing Party may designate any Covered Material as "Confidential – Attorneys' Eyes Only" under the terms of the Protective Order if such Covered Material consists of confidential, proprietary, commercially sensitive and/or trade secret information that the Party would not reveal to a third party and is so highly sensitive that the protections afforded to Confidential Information are not sufficient. This designation shall be reserved for information that constitutes, reflects, or concerns particularly sensitive proprietary, technical, financial, marketing, or other business information, trade secrets or know-how, the disclosure of which is reasonably likely to cause significant competitive or other injury.

3. Covered Material designated Confidential or Confidential – Attorneys' Eyes Only is collectively referred to herein as "Designated Covered Material." Nothing herein precludes any Party from challenging a designation of Covered Material as Confidential or Confidential – Attorneys' Eyes Only or constitutes an acknowledgement that any Designated Covered Material or category of Designated Covered Material (including those set forth above) are appropriate for designation as Confidential or Confidential – Attorneys' Eyes Only. If any Party objects to or disagrees with a Disclosing Party's designation of Covered Material, they shall articulate the objection in writing and confer with the Disclosing Party, and the Parties shall attempt to resolve the objection or disagreement. To the extent the parties are not able to resolve any objection or

disagreement, the provisions of paragraph 23 of this Protective Order will apply; provided, however, that it is contemplated that every reasonable effort shall be made to resolve in good faith a dispute or a designation as Confidential or Confidential – Attorneys' Eyes Only within five (5) business days after an objection or disagreement is first raised in writing.

4.     (a) The designation by any Disclosing Party of Covered Material as Confidential or Confidential – Attorneys' Eyes Only shall constitute a representation that such Designated Covered Material has been reviewed by an attorney (which, for purposes of this paragraph, includes contract attorneys reviewing documents under the supervision of outside counsel) or paralegal for the Disclosing Party and that there is a reasonable good faith basis for such designation.

(b) Designated Covered Material, or information contained therein or derived therefrom, shall be used by the Party receiving the Designated Covered Material ("Receiving Party") solely for prosecution and/or defense of this Litigation, and any appeals therefrom, and shall not be used for any other purpose, including, without limitation, any business or commercial purposes or any other litigation or proceeding.

5.     The designation of Covered Material as Confidential or Confidential – Attorneys' Eyes Only for purposes of this Protective Order shall be made in the following manner:

(a)     For documents or other materials (apart from depositions or other pretrial testimony), by affixing the legend "Confidential" or "Confidential – Attorneys' Eyes Only" to each page containing the respective Designated Covered Material. The failure to designate a document as Confidential or Confidential – Attorneys' Eyes Only shall not constitute a waiver of such claim, and a Party may so designate a document by providing written notice to all other parties together with properly designated copies of said document within a reasonable time after

4

becoming aware of such failure to designate, with the effect that such document is thereafter subject to the protections of this Protective Order.

(b) For depositions or other pretrial testimony, (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent to all parties within twenty (20) calendar days after receiving a copy of the final certified transcript thereof, and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to all pages of the original and all copies of the transcript containing any Confidential or Confidential – Attorneys' Eyes Only information. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court; and

(c) For Designated Covered Material which is disclosed or produced in a non-paper medium (e.g., videotape, DVD, CD, audiotape, computer disks, etc.), by affixing the legend "Confidential" or "Confidential – Attorneys' Eyes Only" on the medium, if possible, and its container, if any, so as to clearly give notice that the medium contains Confidential or Confidential – Attorneys' Eyes Only information. Documents produced in .pdf or .tiff image format on a CD-ROM or other non-paper medium shall be marked in the manner provided for in paragraph 5(a) above.

6. Except as specifically provided for in this Protective Order or subsequent Court orders or stipulations among the parties (and the relevant non-party if the designated information in question was produced by a non-party), the Receiving Party may disclose, summarize, describe, characterize, or otherwise communicate or make available in whole or in part Covered Material designated Confidential only to the following persons:

(a) Outside counsel of record in the Litigation (i.e., the law firms of record) for the parties in this Litigation, and regular and temporary employees and service vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of the Litigation for use in accordance with this Protective Order;

(b) three (3) Party representatives, e.g., a corporate officer, who may use it solely for purposes of this Litigation, (together with their support staff) provided that prior to any disclosure, each such Party representative serves written notice pursuant to paragraph 8;

(c) any outside expert or consultant (together with their support staff) in the United States who is assisting any Party or any Party's counsel in this Litigation; provided that prior to any disclosure, such expert or consultant serves written notice pursuant to paragraph 9;

(d) graphics, translation, or design services who have been retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, and have been informed of the requirement to maintain these documents and the information contained therein as Designated Covered Material and have agreed to do so;

(e) jury or trial consulting services, including mock jurors of the consulting service, who have been retained by counsel for purposes of this action and have been informed of the requirement to maintain these documents and the information contained therein as Designated Covered Material and have agreed to do so by signing the form attached hereto as Exhibit A;

(f) any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document;

(g) the Court and its employees; and

(h) court reporters and videographers employed in connection with this Litigation.

Except as otherwise approved by the Disclosing Party or by Order of this Court, a Receiving Party may use Covered Material designated Confidential in deposing: (i) an individual who has had or who is eligible to have access to the Covered Material designated Confidential by virtue of his or her employment or other relationship with the Disclosing Party; (ii) an individual identified in the Covered Material designated Confidential as an author, addressee, or carbon copy recipient of such information; or (iii) an individual who although not identified as an author, addressee, or carbon copy recipient of such Covered Material designated Confidential, has, in the ordinary course of business, seen such Covered Material designated Confidential.

7. Except as specifically provided for in this Protective Order or subsequent Court orders or stipulations among the parties (and the relevant non-party if the Confidential – Attorneys Eyes' Only information in question was produced by a non-party), a Receiving Party may disclose, summarize, describe, characterize, or otherwise communicate or make available in whole or in part Covered Material designated Confidential – Attorneys' Eyes Only only to the following persons:

(a) Outside counsel of record in the Litigation (i.e., the law firms of record) for the Parties in this Litigation, and regular and temporary employees and service vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of the Litigation for use in accordance with this Protective Order;

(b) Any outside expert or consultant (together with their support staff) who is assisting any Party or any Party's counsel in this Litigation; provided that prior to any disclosure, such expert or consultant serves written notice pursuant to paragraph 9;

(c) graphics, translation, or design services who have been retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, and have been informed of the requirement to maintain these documents and the information contained therein as Designated Covered Material and have agreed to do so;

(d) jury or trial consulting services, including mock jurors of the consulting service, who have been retained by counsel for purposes of this action and have been informed of the requirement to maintain these documents and the information contained therein as Designated Covered Material and have agreed to do so by signing the form attached hereto as Exhibit A;

(e) any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document;

(f) the Court and its employees; and

(g) court reporters and videographers employed in connection with this Litigation.

Except as otherwise approved by the Disclosing Party or by Order of this Court, a Receiving Party may use Covered Material designated Confidential – Attorneys' Eyes' Only in deposing: (i) an individual who has had or who is eligible to have access to the Covered Material designated Confidential – Attorneys' Eyes' Only by virtue of his or her employment or other relationship with the Disclosing Party; (ii) an individual identified in the Covered Material designated Confidential – Attorneys' Eyes' Only as an author, addressee, or carbon copy recipient of such information; or (iii) an individual who although not identified as an author, addressee, or carbon copy recipient of such Covered Material designated Confidential – Attorneys' Eyes' Only, has,

8

in the ordinary course of business, seen such Covered Material designated Confidential – Attorneys' Eyes' Only.

8. A Receiving Party desiring to disclose Covered Material designated Confidential to persons identified in paragraph 6(b) above shall serve written notice on the Disclosing Party at least five (5) business days prior to any disclosure. Written notice shall include the Certification attached as Exhibit A and identification of the Party representative by name, qualification, and job title. No Covered Material designated Confidential shall be disclosed to the aforementioned persons by the Receiving Party until after the expiration of the foregoing notice period. Consent to the disclosure of Covered Material designated Confidential to the aforementioned persons may not be unreasonably withheld. If, however, during the notice period the other Party objects to the disclosure, there shall be no disclosure of that Party's or any third party's Covered Material designated Confidential to the aforementioned persons, except by further order of the Court. Any objection shall include a complete explanation of the basis of the objection. The objecting party shall move the Court within ten (10) business days after the expiration of the foregoing notice period for a ruling on its objection. The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure. A failure to file a motion within the ten (10) business day period shall operate as an approval of the disclosure. The Parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph and/or the briefing schedule to the Court if necessary to abide by any discovery or briefing deadlines.

9. A Party desiring to disclose Designated Covered Material to an outside expert or consultant pursuant to paragraphs 6(c) and 7(b) above shall:

(a) serve written notice on the other Party at least five (5) business days prior to any disclosure. Written notice shall include (a) the Certification attached as Exhibit A, signed

by the expert or consultant, (b) the résumé or curriculum vitae of the expert or consultant, (c) disclosure of any previous or current relationship with any of the Parties, and (d) disclosure of any previous or current consulting relationship in the field of fishing lures and/or blades. No Designated Covered Material shall be disclosed to the expert or consultant by the Receiving Party until after the expiration of the foregoing notice period. Consent to the disclosure of Designated Covered Material to a proposed expert or consultant may not be unreasonably withheld. If, however, during the notice period the other Party objects to the disclosure, there shall be no disclosure of Designated Covered Material to the expert or consultant, except by further order of the Court. Any objection shall include a complete explanation of the basis of the objection. The objecting party shall move the Court within ten (10) business days after the expiration of the foregoing notice period for a ruling on its objection. The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure. A failure to file a motion within the ten (10) business day period shall operate as an approval of the disclosure. The Parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph and/or the briefing schedule to the Court if necessary to abide by any discovery or briefing deadlines. The disclosure of an expert or consultant under this paragraph shall not commit a Party to identifying or utilizing that person as an expert or witness at trial, nor shall it give the other Party the right to comment on the absence of that person as a witness at trial. A non-testifying expert consultant who would not otherwise be subject to deposition does not become subject to deposition because he or she is disclosed pursuant to this paragraph;

    (b) designate any report created by an expert relying on or incorporating Designated Covered Material, in whole or in part.

10. In the event a Receiving Party finds it necessary to make a disclosure of Designated Covered Material to individuals other than the persons identified in paragraph 7 (for Confidential – Attorneys' Eyes Only information) or 6 (for Confidential information), the attorneys of record for that Party must serve written notice on the attorneys of record of the Disclosing Party in advance of any disclosure. Such written notice shall include: (i) identification of the Designated Covered Material to be disclosed; (ii) the purpose of the disclosure; and (iii) an identification by name, business address, and employer of the person(s) to whom such disclosure is requested. Unless the Disclosing Party approves the disclosure in writing, no disclosure will be made without an order of the Court. If approval is provided by the Disclosing Party, or if an order of the Court permits the disclosure, the attorneys of record for the Receiving Party must, prior to such disclosure, (1) inform the individual to whom the Designated Covered Material is to be disclosed of the terms of this Protective Order, and (2) have the individual agree to the terms of this Protective Order in writing by executing the form attached hereto as Exhibit A, the executed Exhibit to be served on counsel for the Disclosing Party prior to any disclosure.

11. Every person given access to Designated Covered Material shall be advised that the information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms hereof.

12. Any Party seeking discovery from a non-party shall provide a copy of this Protective Order to the non-party and notify the non-party that the protections of this Protective Order are available to such non-party. Any non-party from whom discovery is sought in the Litigation may obtain the protection of this Protective Order. The production of Designated Covered Materials by a non-party shall be presumed to be proof that the non-party has agreed to

be bound by the terms of this Protective Order. The provision of Designated Covered Material to a non-party shall be made in accordance with the terms of this Protective Order.

13. Counsel for any Disclosing Party shall have the right to exclude from a deposition any person who is not authorized by this Protective Order to receive documents or information designated Confidential or Confidential – Attorneys' Eyes Only. Such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising Designated Covered Material.

14. In the event that before, during or after trial or any hearing in this action, counsel for any Party intends to file or submit to the Court any Designated Covered Material, including documents or information obtained therefrom, such counsel shall move to file such documents with the Court under seal pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Civil Rule 6.1.

15. Entering into, agreeing to, and/or producing or receiving Designated Covered Material or otherwise complying with the terms of this Protective Order shall not:

(a) operate as an admission that any document designated Confidential or Confidential – Attorneys' Eyes Only contain or reflects trade secrets or any other type of confidential information;

(b) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential or Confidential – Attorneys' Eyes Only information;

(c) prevent the parties to this Protective Order from agreeing to alter or waive the provisions or protections provided herein with respect to any particular Designated Covered Material;

(d) prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

(e) prejudice in any way the right of a Party to seek a determination by the Court whether any Designated Covered Material should be subject to the terms of the Protective Order;

(f) prejudice in any way the right of a Party to petition the Court for a further protective order relating to any purportedly confidential, sensitive, or proprietary information;

(g) waive, supersede, or amend the provisions of any prior confidentiality agreement between or among any of the parties or non-parties, on the one hand, and any other person or entity, on the other hand; or

(h) be construed or operate as a waiver of any claim of privilege or immunity (including, without limitation, the business strategy immunity) with respect to the production of any document.

16. This Protective Order has no effect upon, and shall not apply to, the Parties' or non-parties' use of their own Designated Covered Material for any purpose, and no use by the Disclosing Party shall affect or otherwise act as a waiver with respect to the confidential status of that information. Nothing herein shall impose any restrictions on the use or disclosure by a Party of documents, materials, or information designated as Confidential or Confidential – Attorneys'

Eyes Only lawfully obtained by such Party independently of the discovery proceedings in this Litigation.

17. If a Disclosing Party through inadvertence produces Covered Material without designation but such Covered Material should have been produced as Designated Covered Material in accordance with this Protective Order, the Disclosing Party may give written notice to the Receiving Party that the information produced is deemed Confidential or Confidential – Attorneys' Eyes Only, and the information shall be treated as such in accordance with this Protective Order. Any such written notice shall be accompanied or promptly followed by a replacement production containing properly designated documents. The Receiving Party shall treat such information with the noticed level of protection from the date notice of the error is received. Disclosure, prior to the receipt of such notice of such information, to persons not authorized to receive such information, shall not be deemed a violation of this Protective Order.

18. In the event that a Party inadvertently produces any material that is arguably or actually subject to a claim of privilege or of protection as trial preparation material ("Privileged Covered Material"), such production shall not prejudice, or constitute a waiver of (either as to the specific document disclosed or as to other documents or communications concerning the same subject matter), or estop a Party from asserting, any claim of privilege, work product, or other ground for withholding production of that material. Under such circumstances, the Disclosing Party shall promptly, upon discovery of such inadvertent disclosure, inform the Receiving Party in writing and request that the item or items of information be destroyed, and no Party to this action shall thereafter assert that such inadvertent production waived any privilege or immunity. Within ten (10) business days of informing the Receiving Party of the inadvertent disclosure, the Disclosing Party shall identify the item or items of information on a privilege log and shall provide

14

a replacement, redacted to obscure only the privileged or immune information, for any item that contains both privileged or immune and relevant non-privileged information. Prior to the receipt of such notice, disclosure to persons not authorized to receive such information shall not be deemed to be a waiver of any privilege held by the Disclosing Party. Nothing in this paragraph shall prevent the Receiving Party from challenging in Court the designation of the privilege. After being notified, the Receiving Party (i) must promptly return or destroy the Privileged Covered Material and any copies (paper or electronic) the Receiving Party has of it and (ii) may not make any disclosure of the Privileged Covered Material or use the Privileged Covered Material, or information gleaned from Privileged Covered Material, in connection with the Litigation or for any other purpose until the claim is resolved (even if such a disclosure were otherwise permissible hereunder); provided, however, that a Receiving Party may retain one copy of the Privileged Covered Material solely for purposes of submitting or presenting the Privileged Covered Material to the Court under seal for a determination of the claim, but in no event shall the inadvertent production, disclosure, or transmission of the Privileged Covered Material form the basis for a claim that the material is not privileged or that any such claim has been waived. If a Receiving Party disclosed the Privileged Covered Material before being notified, the Receiving Party must make reasonable steps to retrieve it. This provision is intended to facilitate the production of electronic or paper records. By virtue of agreeing to this paragraph, no Party is assuming any obligation, or in any way an undertaking, to produce privileged matter, and no Party is agreeing to waive any such privilege.

19. In the event additional parties join or intervene in this Litigation, or otherwise participate in the Litigation through discovery or otherwise, such parties and their counsel shall not have access to Designated Covered Material until each such additional party, or its counsel,

has executed a confidentiality undertaking evidencing that party's intent to be bound by this Protective Order.

20. The attorneys of record shall take reasonable measures, consistent with this Protective Order, to prevent the unauthorized disclosure or use of Designated Covered Material and are responsible for employing reasonable measures to control the duplication of, access to, and distribution of Designated Covered Material.

21. The provisions of this Protective Order shall, absent written permission of the Disclosing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom. Within ninety (90) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Litigation, including the exhaustion of all possible appeals, all persons having received Designated Covered Material pursuant to this Protective Order shall either return such material and all copies thereof (including summaries and excerpts) to counsel for the Disclosing Party or destroy all such designated information, and, in either case, certify that fact to counsel for the Disclosing Party. Outside counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts, and attorney work product (including discovery material containing Designated Covered Material); provided that such outside counsel and employees of such outside counsel, shall maintain the confidentiality thereof and shall not disclose such court papers or attorney work product to any person except pursuant to court order or agreement by the Disclosing Party.

22. After the termination of this Litigation, this Protective Order shall continue to be binding upon the Parties hereto, and upon all persons to whom Designated Covered Material has been disclosed or communicated, and this Court shall retain jurisdiction over all such Parties and

persons for enforcement of the provisions of this Protective Order. Documents under seal at the final disposition of this Litigation will remain under seal unless otherwise directed by order of the Court. .

23. During the pendency of this Litigation, any Party may object to the designation of any Covered Material or testimony as Confidential or Confidential – Attorneys' Eyes Only or the application of any provision of this Protective Order. All challenges by a Receiving Party to the designation shall be made in writing to the Disclosing Party, and such writing must identify with specificity the material challenged. Within five (5) business days of such a challenge, the Disclosing Party shall respond to the challenge, substantiating the basis for the designation in writing, re-designating to a lower category, or removing the designation. The Receiving Party may, after making a good faith effort to resolve any such objection with the Disclosing Party, move promptly for an order vacating the designation or re-designating to a lower category. While such an application is pending, the Designated Covered Material in question shall continue to be treated as Designated Covered Material, as so designated pursuant to this Protective Order. The provisions of this paragraph are not intended to shift the burden of establishing confidentiality.

24. In the event that any Designated Covered Material is used in any court proceeding in this Litigation or any appeal therefrom, such information shall not lose its status as Confidential or Confidential – Attorneys' Eyes Only information through such use. Counsel shall confer on such procedures that are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings. The Parties agree that the use of any Designated Covered Material in the course of any hearing or trial shall be governed by the further orders and direction of the Court.

25. If any Party is subpoenaed or receives other compulsory process in another action or proceeding or is served with a litigation-related document demand, and such subpoena, process, or document demand seeks Designated Covered Material that was produced or designated by another Party hereto, such Party shall (i) give written notice within three (3) business days of receipt of such subpoena, process, or document demand or immediately if the compliance date is equal to or less than three (3) business days from the service date to the Disclosing Party and (ii) refrain from producing any Designated Covered Material in response to such a subpoena, process, or document demand until the earlier of (a) receipt of written notice from the Disclosing Party that such Party does not object to production of the Designated Covered Material, or (b) resolution of any objection asserted by the Disclosing Party either by agreement or by final order of the Court with jurisdiction over the objection of the Disclosing Party. The burden of opposing the enforcement of the subpoena, process, or document demand shall fall solely upon the Disclosing Party. Compliance with any court order directing production pursuant to the subpoena, process, or document demand of any Designated Covered Material shall not constitute a violation of this Protective Order. Nothing herein shall be construed as requiring anyone covered by this Protective Order to challenge or appeal any order directing production of Designated Covered Material covered by this Protective Order, or to subject himself or itself to any penalties for non-compliance with a legal process or order, or to seek any relief from this Court.

26. Nothing in this Protective Order shall preclude any Party from seeking judicial relief related to the interpretation or enforcement of the Protective Order.

Signed: July 14, 2020

David C. Keesler
United States Magistrate Judge

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO.5:19-CV-147-KDB-DCK

| | |
|---|---|
| **Z-Man Fishing Products, Inc.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **Jeffrey C. Queen and** | ) |
| **Queen Tackle LLC,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

# CERTIFICATION REGARDING CONFIDENTIAL AND
# CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

I, _____, hereby certify my understanding that Covered Material and/or Confidential or Confidential – Attorneys' Eyes Only information are being provided to me pursuant to the terms and restrictions of the Protective Order (the "Order") entered by the United States District Court for the Western District of North Carolina in the above-captioned action.

I understand that Covered Material that has been designated Confidential or Confidential – Attorneys' Eyes Only, or information contained therein or derived therefrom, shall be used solely for prosecution and/or defense of the Litigation, and any appeals therefrom, and shall not be used for any other purpose, including, without limitation, any business or commercial purposes or any other litigation or proceeding.

I have read and understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the exclusive personal and subject-matter jurisdiction and venue

of the United States District Court for Western District of North Carolina for purposes of enforcement of the Order. I understand that any violation of the terms of the Order shall be punishable by relief deemed appropriate by the Court.

Signature:_____

*Please Print or Type the Following*

Name:_____

Title and Affiliation: _____

Address:_____

Telephone:_____

Date:_____

20

Case 5:19-cv-00147-KDB-DCK   Document 21   Filed 07/15/20   Page 20 of 20